JULIO OLIVIERI MONSANTO, Plaintiff and Appellant, *v.* PENSION BOARD, Defendant and Appellant.

No. 7027. Argued January 19, 1937.—Decided February 5, 1937.

*Pascasio Fajardo Martínez* for appellant. *B. Fernández García, Attorney General,* and *Emilio de Aldrey* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Julio Olivieri asked the District Court of San Juan to order the Pension Board, by a writ of mandamus, to grant him the retirement and pension for which he had applied, including the payment of the pension due from February, 1929, when the second sick leave granted him had expired.

The case was removed to the District Court of Mayagüez, was tried in the said court in accordance with the law and was finally decided by that court against the petitioner.

The opinion delivered by the court in support of its decision is as follows:

"The facts in controversy in this case are contained in the stipulation of the parties which is in the record, the principal question presented for decision being whether or not the application for retirement was presented in due time in accordance with Act No. 104 of 1925, dealing with the retirement of the officers and employees of the Insular Government.

"The Court, after a careful study of the evidence presented at the trial, of the law and the cases, has reached the conclusion that the application for retirement was filed by the petitioner with the Pension Board some nine months after he had left active service with the Insular Government, and it was not proved that the petitioner had a legitimate excuse for not having done it in due time."

Feeling aggrieved, the petitioner appealed. He maintains that the trial court erred in holding that the defendant board had the power to reconsider its previous decision granting him the retirement and pension without granting him a hearing, in deciding that the ground for the last decision of the board was correct and at all events in deciding that the petitioner had no legitimate excuse for presenting his application when he did.

██ The record shows that the petitioner was a jail keeper for the Insular Government to whom a one-month leave of absence with pay had been granted because of illness, and another without pay for the same reason. The leave expired. Several months passed and the petitioner, who was already out of the service, addressed himself to the defendant board requesting his retirement and pension. The board ordered his physical examination and granted his application, but reconsidered its decision and denied the application on the ground that the petitioner had no right to the retirement because he had requested it after having ceased in his functions as an employee of the Insular Government.

Under the circumstances, we are of the opinion that the board had authority to reconsider its decision immediately after it became aware that it had acted on a wrong basis.

Nothing has been cited, nor have we been able to find anything in the law or in cases, which is contrary to the power to reconsider in such a case. No right was created under the first decision. And the circumstance that the statute expressly provides that the board may demand that any pensioner be reexamined to determine whether or not he is still incapacitated and if not to discontinue the pension, does not mean that that is the only case in which the board may reconsider its decision. If it is convinced that it acted in violation of the law in something fundamental, within, of course, a reasonable period of time and when its action does not imply the denial of any rights which may have been legitimately acquired, it may, as in this case, reconsider its decision.

The first of the errors assigned, then, was not committed. Nor was the second. We have examined the provisions of the law dealing with the questions invoked (Act No. 104 of 1925, Laws, p. 948, Sections 3 and 6) and in our opinion the logical interpretation of those provisions is that the application for retirement may only be made when the employee is in active service, and that in cases of physical incapacity he is to be considered as continuing in such service while he is maintained as such employee.

There remain to be considered only the third and last of the errors assigned. The petitioner alleged in his petition that the fact that he had not requested his retirement while he was still in the service, was due to his illness itself which caused him to lose completely his mental faculties. He presented evidence to support this allegation at the trial and the trial court was passing on this evidence when it held that there was not a sufficient showing of the excuse.

We have ourselves examined the evidence, we have taken into consideration the arguments of the appellant in his brief and we are not convinced that the court erred in weighing it. What is more, we find that one of the petitioner's own witnesses defeats his theory because if it is true that Olivieri, finding himself seriously ill, called witness Arroyo to ask him to apply for his pension, which the witness immediately did, the application having been lost by the Warden of the Mayagüez Jail, then the illness he suffered was not of such a nature as to prevent him from thinking of and acting on the pension.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.